**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re: <br><br> Sarah Goldstein, <br><br> Debtor. | § Chapter 7 <br> § <br> § Case No. 24-10179-DJB <br> § <br> § <br> § |

**MOTION OF THE UNITED STATES TRUSTEE TO DISMISS DEBTOR'S CASE PURSUANT TO 11 U.S.C. § 707(a) WITH A BAR TO REFILING**

Andrew R. Vara, the United States Trustee for Region 3 ("U.S. Trustee"), by and through his undersigned counsel, hereby moves (this "Motion") for entry of an order, pursuant to section 707(a) of title 11 of the United States Code (11 U.S.C. § 101 *et seq.*, the "Bankruptcy Code"), dismissing the above-captioned case. In support of this Motion, the U.S. Trustee states as follows:

**JURISDICTION**

1. Under (i) 28 U.S.C. § 1334, (ii) applicable order(s) of the United States District Court for the Eastern District of Pennsylvania issued pursuant to 28 U.S.C. § 157(a), and (iii) 28 U.S.C. § 157(b)(2), this Court has jurisdiction to hear and determine this Motion.

2. Pursuant to 28 U.S.C. § 586(a)(3), the U.S. Trustee is charged with administrative oversight of the bankruptcy system in this District. Such oversight is part of the U.S. Trustee's overarching responsibility to enforce the laws as written by Congress and interpreted by the courts. *See United States Trustee v. Columbia Gas Systems, Inc. (In re Columbia Gas Systems, Inc.),* 33 F.3d 294, 295–96 (3d Cir.

1

1994) (noting that the U.S. Trustee has "public interest standing" under 11 U.S.C. § 307); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the U.S. Trustee as a "watchdog"). Under 11 U.S.C. § 307, the U.S. Trustee has standing to be heard on the Motion. *Id.*

3. The U.S. Trustee consents to the entry of a final order or judgment by the court if it is determined that the court, absent consent of the parties, cannot enter a final order or judgment consistent with Article III of the United States Constitution. *See* L.B.R. 9014-3(b)(2).

## BACKGROUND AND FACTS

4. On January 18, 2024 (the "Petition Date"), Sarah Goldstein ("Debtor") commenced her bankruptcy case by filing a voluntary petition (Bankr. Doc. No. 1)[1] (the "Petition") for relief under Chapter 13 of the Bankruptcy Code. At the time she filed her Petition, Debtor was represented by Michael A. Cibik ("Attorney Cibik") of Cibik Law, P.C.

5. Debtor's case was converted to Chapter 7 on March 4, 2024, upon Praecipe to convert to Chapter 7 filed by Attorney Cibik on February 29, 2024.

6. On September 19, 2024, the U.S. Trustee filed the *Complaint of the United States Trustee Objecting to the Granting of Debtor's Discharge* (Adv. Docket No. 1) (the "Complaint").

---

[1] Citations to the adversary docket in *United States Trustee v. Sarah Goldstein*, Adv. No. 24-00121 (AMC) will be cited herein as "Adv. Docket No. __." Citations to the main bankruptcy docket in *Goldstein*, Bankr. No. 24-10179 (AMC) will be cited herein as "Bankr. Docket No. __."

2

7. After filing of the Complaint, on November 20, 2024, Attorney Cibik filed his *Motion to Withdraw as Attorney* (Bankr. Doc. No.45) (the "Motion to Withdraw"). Through the Motion to Withdraw, Attorney Cibik averred that, among other things, "[g]rounds to withdraw as the Debtor's attorney exist under Pa. R. Prof'l. Cond. 1.2(d), 1.16(b)(2), 1.16(b)(3), and 3.3, but stating particular facts in support of this motion may be inconsistent with Pa. R. Prof'l. Cond. 1.6." Motion to Withdraw, ¶ 4.

8. The relevant provisions of the Pennsylvania Rules of Professional Conduct cited in support of withdrawal are:

    (i)    1.2(d) – "A lawyer shall not counsel a client to engage, or assist a client, in conduct that the lawyer knows is criminal or fraudulent…";

    (ii)    1.16(b) – "…a lawyer may withdraw from representing a client if:"

        (2) – "the client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is criminal or fraudulent"

        (3) – "the client has used the lawyer's services to perpetrate a crime or fraud"; and

    (iii)    3.3 – Requiring candor to the Court.

Motion to Withdraw, ¶ 4.

9. On December 19, 2024, the Court granted the Motion to Withdraw.

10. On December 24, 2024, by and through replacement counsel, Debtor filed the *Answer of Debtor/Defendant, Sarah Goldstein to Plaintiff, United States*

*Trustee's Complaint Objecting to the Granting of the Debtor's Discharge* (Adv. Doc. No. 9) (the "Answer").

## Undisclosed Facts

11. Debtor's birth name is Tanya Markova Dzhendova, which was not disclosed in the bankruptcy filings. Answer, ¶¶ 10,11. Debtor asserts that she changed her name by court order in 2009. Answer, ¶ 11.

12. Debtor expressly avows that she "has not used her former name, since 2009 on any documents, applications, identifications or for any other reason." Answer, ¶ 11.

13. Debtor has ownership interest in an account at First Investment Bank held in the country of Bulgaria (the "Bulgaria Bank"), with an account number ending in 2588 (the "First Concealed Bulgaria Account"). Answer, ¶ 13.

14. Despite the averment that Debtor has not used her birth name "for any reason" since 2009, Debtor admits that her birth name was still her legal name as recently as fall of 2021, that she used it then to open the First Concealed Bulgaria Account, and that the account remains open. Answer, ¶ 13 (the First Concealed Bulgaria Account "was opened under debtor's legal name, Tanya Markova Dzhendova on September 28, 2021."). Answer, ¶ 13.

15. Debtor has ownership interest in a second account at Bulgaria Bank with an account number ending in 0081 (the "Second Concealed Bulgaria Account" and collectively with the First Concealed Bulgaria Account, the "Concealed Bulgaria Accounts"). Answer, ¶ 14.

16. The Debtor holds her ownership interests in the Concealed Bulgaria Accounts through her alias Dzhendova, again notwithstanding the averment she has not used that name since 2009. Answer, ¶ 15. Debtor did not disclose her interest in the Concealed Bulgaria Accounts until eight (8) months after the Petition Date. Answer, ¶ 23, 27-29.

17. Although the Debtor does not dispute the lack of timely disclosure, the Debtor blames Attorney Cibik for the numerous failures to disclose in this case. Answer, ¶ 12 ("Debtor's bankruptcy attorney, Michael Cibik, Esquire was provided with this information in December, 2023, along with the other personal and business information required for the bankruptcy filing."); Answer, ¶ 14 ("Debtor retained attorney Michael Cibik, Esquire to represent her and disclosed all of the necessary documents regarding the bankruptcy matter. If a document was missing or an error occurred, debtor's counsel should have been more diligent in requesting the information and/or properly completing the schedules and statements."); Answer, ¶ 22 (denying information was not disclosed because Debtor provided Attorney Cibik with the information); Answer, ¶¶ 34, 35 (Debtor is unsure why two different values are listed for insurance policies because she "provided documents issued by companies to Michael Assad, Esquire, (Michael Cibik's associate)."); Answer, ¶¶ 36, 37,38,39 ("Debtor / Defendant was not aware of the schedules being amended twice by the attorney."); Answer, ¶ 40 ("Debtor / Defendant fully disclosed to her attorney her employment information as well as her self-employed

5

information."). The averments set forth in the Motion to Withdraw, however, paint a significantly different picture.

## RELIEF REQUESTED

18.  Through this Motion, the U.S. Trustee seeks entry of an order dismissing the Debtor's case.

19.  The Debtor's failure to file schedules and statements making full disclosures, including disclosures of the Concealed Bulgaria Accounts and transfers by the Debtor thereto, provides sufficient "cause" for dismissal pursuant to the express provision of Bankruptcy Code section 707(a)(3).

20.  Sufficient "cause" for dismissal also exists under the totality of the circumstances. The enumerated reasons for "cause" listed in Bankruptcy Code section 707(a) are merely illustrative and not exhaustive. *In re Beck Rumbaugh Assocs., Inc.*, 49 B.R. 920, 921 (Bankr. E.D. Pa. 1985). A request for dismissal for cause under Bankruptcy Code section 707(a) takes place under the totality of the circumstances. *Office of the U.S. Tr. v. Weidner (In re Wiedner),* 344 B.R. 321, 326 (Bankr. M.D. Pa. 2005); *See generally In re Myers*, 334 B.R. 136 (E.D. Pa. 2005) (affirming bad faith dismissal of chapter 7 case by bankruptcy court which employed "totality of the circumstances" analysis).

21.  "[T]he Third Circuit has specifically held that § 707(a) allows a bankruptcy court to dismiss a Chapter 7 case for cause 'if the petitioner fails to demonstrate his good faith in filing.' *In re Tamecki*, 229 F.3d 205, 207 (3d Cir. 2000)." *In re Iredia*, 556 B.R. 691, 699 (Bankr. E.D. Pa. 2016). "Once a moving

party calls a debtor's good faith into question, the debtor bears the burden of establishing that he filed in good faith." *Id.*

22. In evaluating whether to dismiss a Chapter 7 case under Bankruptcy Code section 707(a), courts have considered a variety of factors, including whether: (i) the debtor transferred assets and (ii) the debtor failed to make candid and full disclosure. *In re Glunk*, 342 B.R. 717, 730 (Bankr. E.D. Pa. 2006).

23. The crux of the allegations by the U.S. Trustee is the lack of disclosure by the Debtor, and specifically the lack of disclosure related to the Concealed Bulgaria Accounts and transfers by the Debtor thereto. Here, the admitted facts are that (i) Concealed Bulgaria Accounts exist, (ii) Debtor continues to use her alias in connection with the Concealed Bulgaria Accounts, (ii) transfers were made to the Concealed Bulgaria Accounts, and (iii) spontaneous, complete, and timely disclosure was not made of any of those facts.

24. The Debtor counters with the assertion that she provided complete information to Attorney Cibik and therefore the disclosure failures are the responsibility of counsel and must not be held against the Debtor. However, the Debtor's assertion that any failures in disclosure are the responsibility of Attorney Cibik is unavailing. *See, Link v. Wabash R. Co.*, 370 U.S. 626, 633-34 (1962) ("There is certainly no merit to the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on the client. Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected

7

agent.  Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent[.]").

25.     The Debtor's failure to disclose constitutes "cause" for dismissal under (i) the expressly enumerated provision of Bankruptcy Code section 707(a)(3) and (ii) the totality of the circumstances test under 707(a).

## Bar to Refiling

26.     This Court has the power to restrict future filings by the Debtor.  *See In re Narod*, 138 B.R. 478, 484 (E.D. Pa. 1992) (stating that the court may preclude additional bankruptcy filings by the debtor within "whatever time period the court deems reasonable").  Pursuant to Bankruptcy Code sections 105(a) and 349(a), this Court may dismiss the case with bar against further filing by the Debtor.  *See In re Iredia*, 556 B.R. 691, 699-700 (Bankr. E.D. Pa. 2016).  The U.S. Trustee requests a 180 day bar to any subsequent filings by the Debtor.  The requested temporary bar will allow the Debtor sufficient time to confer with counsel prior to any subsequent filing and ensure all accounts and transfers are fully and timely disclosed.

**WHEREFORE,** the U.S. Trustee respectfully requests the entry of an order granting the relief requested herein and granting such other and further relief as the Court deems just and proper.

Dated: March 11, 2025　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　**ANDREW R. VARA**
　　　　　　　　　　　　　　　　　　**UNITED STATES TRUSTEE**
　　　　　　　　　　　　　　　　　　**For Regions 3 and 9**

　　　　　　　　　　　　　　　　　　By: /s/ *John Schanne*
　　　　　　　　　　　　　　　　　　John Schanne, Trial Attorney
　　　　　　　　　　　　　　　　　　Office of The United States Trustee
　　　　　　　　　　　　　　　　　　Robert NC Nix, Sr. Federal Building
　　　　　　　　　　　　　　　　　　900 Market Street, Suite 320
　　　　　　　　　　　　　　　　　　Philadelphia, PA 19107
　　　　　　　　　　　　　　　　　　Phone: 202.934.4154
　　　　　　　　　　　　　　　　　　John.Schanne@usdoj.gov