Jonathan J. Sobel, Esquire
**LAW OFFICES OF JONATHAN J. SOBEL**
1500 Walnut Street, Suite 900
Philadelphia, PA 19102
(215) 735 7535
(215) 735 7539 fax
Mate89@aol.com
Counsel for Debtor, Sarah Goldstein

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | :CHAPTER 7 |
| SARAH GOLDSTEIN, | : |
| Debtor | :BANKR. NO.: 24-10179(DJB) |

### RESPONE OF DEBTOR, SARAH GOLDSTEIN TO THE
### UNITED STATES TRUSTEE'S MOTION TO DISMISS DEBTOR'S CASE

**AND NOW**, comes Debtor, Sarah Goldstein's [hereinafter referred to as "Debtor"] Response to Plaintiff, United States Trustee's Motion to Dismiss Debtor's case, and in opposition of same, Debtor responds as follows:

### JURISDICTION AND VENUE

1.   Denied. By way of further response, the allegations contained in paragraph 1 are conclusions of law to which no response is required, provided, however, if a response is required, the debtor denies the allegations and demands strict proof thereof at the time of trial.

2. Denied. By way of further response, the allegations contained in paragraph 2 are conclusions of law to which no response is required, provided, however, if a response is required, the debtor denies the allegations and demands strict proof thereof at the time of trial.

3. Denied. By way of further response, the allegations contained in paragraph 3 are conclusions of law to which no response is required, provided, however, if a response is required, the debtor denies the allegations and demands strict proof thereof at the time of trial.

## BACKGROUND AND FACTS

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted.

8. Admitted.

9. Admitted.

10. Admitted.

## UNDISCLOSED FACTS

11. Admitted in part, denied in part. Debtor's birth name is Tanya Markova Dzhendova, however, her name was changed pursuant to Court Order in 2009. The name change occurred in a Miami court while attending Dental School

in Florida. Judge Paul Siegel, U.S.D.J., approved the name change as debtor decided to use her Hebrew name

12.  Denied.  By way of further response, debtor's name was changed in 2009 in the Court in Miami, by Judge Paul Siegel while attending dental school in Florida.  Since 2009, for approximately fifteen (15) years, debtor has continued to use the name Sarah Goldstein.  Debtor has not used her former name, since 2009 on any documents, applications, identifications or for any other reason.

13.  Admitted in part.  By way of further response, debtor has a personal bank account at Wells Fargo Bank, account ending in 8516.  Debtor's bankruptcy attorney, Michael Cibik, Esquire was provided with this information in December, 2023, along with the other personal and business information required for the bankruptcy filing.

14.  Admitted in part.  By way of further response, the account ending in 2588 with First Investment Bank in Bulgaria, in United States Dollars was opened under debtor's legal name, Tanya Markova Dzhendova on September 28, 2021, two (2) years before debtor purchased the dental practice, Marian Family Dentistry, and approximately two and a half years prior to the filing for bankruptcy.  This account has been opened under debtor's name based upon a request by her mother in case of something befalling her mother in order for debtor to be able to have access to the account.  Debtor provided a notarized document

3

Document      Page 4 of 9

from First Investment Bank of Bulgaria proving debtor's mother is the only person allowed access to this account and the only person who operates with this account. Debtor did not change her name in native country Bulgaria. This is a country with different laws, slow bureaucratic system. It could have required to spend six (6) months to one (1) year in Bulgaria in order to change it in all institutions, professional organizations. Debtor has resided in the United States for more than twenty (20) years. Debtor practiced in the United States, her life is here. Debtor cannot afford to be away for a long period of time. It is quite common for "American" foreigners to change their names only in the United States where they reside. Debtor resided in the United States and made a big mistake, very poor business decision to buy this dental practice. Debtor took a loan the United States. Debtor filed for bankruptcy in the United States. Debtor's name is Sarah Goldstein, DMD, legally "in all documents, applications, Identifications or for any other reason".

    15.    Admitted in part. By way of further response, the bank account ending in 0081 with First Investment Bank is for local currency. This account was opened only for debtor's mother to transfer money from the account ending in 2558 (the U.S. Dollars account) into the account ending in 0081 in local currency. No fund transfers were made from the United States to the account ending in 0081. Both accounts, 0081 and 2588 were not intentionally concealed. Both accounts,

despite the fact they are in debtor's name, are debtor's mother's accounts and the money (United States Dollars) debtor transferred to the account 2588 is money debtor owed to her parents over the years.  Debtor's mother provided a notarized letter explaining the foregoing. The funds debtor transferred from the United States to debtor's mother's account in the last twelve (12) months, prior to the filing of the bankruptcy were for paying off what debtor owed to her parents and these transactions occurred well before debtor decided to purchase a dental practice. Debtor believed the funds properly belonged to her mother and considered this to be her mothers'.  Debtor retained attorney Michael Cibik, Esquire to represent her and disclosed all of the necessary documents regarding the bankruptcy matter.  If a document was missing or an error occurred, debtor's counsel should have been more diligent in requesting the information and/or properly completing the schedules and statements.

Debtor has not concealed any Bulgarian accounts.  The Wells Fargo Bank Statements which were provided clearly show the transaction to First Investment Bank in Bulgaria.  Debtor hired attorney, Michael Cibik, Esquire to guide her through the bankruptcy process.  Attorney Cibik was responsible for checking and filing of the documents in connection with debtor's bankruptcy.  All of the documents request by the Chapter 7 Standing Trustee, Lynn Feldman were

supplied. On July 17, 2024, Ms. Feldman concluded the matter. The filing of the adversary proceeding was a surprise to the debtor.

16. Admitted in part. By way of further response, both accounts in Bulgaria were opened under debtor's former name, Dzhendova. However, the accounts were not opened for the purpose of concealing these accounts, but merely based upon debtor's legal name and records available in Bulgaria in order to open these accounts. The Bulgarian accounts were opened about two (2) to three (3) years prior to debtor's decision to buy the dental practice. As per debtor's mother's request they were opened under debtor's name, in case of her mother's death to make sure debtor's sister does not have access to those accounts. Debtor provided bank documents that prove her mother was the only one who is allowed to operate and to have access to those accounts, signed by the director of the bank. Debtor has been helping her old, sick, disabled mother. Debtor also transferred in 2023 money debtor owed her mother from the time she was a dental student in Florida. The money was transferred before debtor knew whether she would find and purchase a dental practice and prior to debtor's decision to file for bankruptcy. At that time, debtor's mother did not have her own bank accounts. The Bulgarian accounts were held jointly with debtor's mother and not for the reason to conceal these bank accounts from any bankruptcy proceedings. However, they were opened jointly for the reasons identified previously.

The Bankruptcy was filed on January 18, 2024, as a Chapter 13 Petition. The bankruptcy was then converted to a Chapter 7 Voluntary Petition on March 4, 2024. Debtor's first meeting with Trustee Lynn Feldman was in April, 2024 and was rescheduled, because Attorney Cibik told me his Associate, Attorney Assad will be on vacation and they would not be ready for the meeting. Debtor met with Trustee Lynn Feldman in May, 2024, June, 2024 and July, 2024. Debtor's last meeting with Trustee Lynn Feldman was on July 17, 2024. The entire process did not even last eight (8) months.

17. Admitted that debtor's Answer to the Adversary Complaint speaks for itself. Debtor has never denied any requested information. Debtor provided all documents that Trustee, Feldman requested. The only document failed to provide initially was her mother's personal account. Debtor requested this information of her mother who was initially upset about having to provide it, not understanding American law. Debtor's mother had to go to the bank in Bulgaria to obtain these documents.

Debtor initially provided to Cibik Law all the paperwork they requested, both by emails and in person. Debtor gave certain documents to Attorney Cibik even at the first meeting at his office in December 2023. It is my understanding that Mr. Cibik / Mr. Assad's secretary, Ashley failed to provide the documents to the attorneys.

7

## RELIEF REQUESTED

18. Admitted that this is the relief requested.

19. Denied. By way of further response, this allegation is a conclusion of law to which no response is required. All information was disclosed.

20. Denied. By way of further response, this allegation is a conclusion of law to which no response is required.

21. Denied. By way of further response, this allegation is a conclusion of law to which no response is required.

22. Denied. By way of further response, this allegation is a conclusion of law to which no response is required. Moreover, debtor fully disclosed transferred assets, including explanations, in written form from the Director of the Bulgarian Bank.

23. Denied. By way of further response, debtor did not conceal the Bulgarian Accounts. Debtor explained to Trustee Feldman, that she believed the money in the Bulgarian accounts belonged to her mother and it was money owed to her mother which she borrowed from her for school and for which she paid back. The money was returned prior to debtor buying a dental practice and/or filing for bankruptcy. Debtor's former counsel was intimately aware of all of this information.

24. Denied.

25.  Denied.  By way of further response, this allegation is a conclusion of law to which no response is required.

## **BAR TO REFILING**

26.  Denied.  By way of further response, this allegation is a conclusion of law to which no response is required.

**WHEREFORE,** for all of the foregoing reasons, it is respectfully requested this Honorable Court deny the U.S. Trustee's Motion to Dismiss.

Dated:  March 27, 2025                    LAW OFFICES OF JONATHAN J. SOBEL

By:./s/Jonathan J. Sobel, Esquire
   1500 Walnut Stret, Suite 900
   Philadelphia, PA 19102
   Telephone:  (215) 735 7535
   Facsimile:  (215) 735 7539
   Mate89@aol.com

   Attorney for Debtor, Sarah Goldstein